

October 30, 2025

<u>Via ECF</u>

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Dahlia Doe, et al. v. Kristi Noem, et al.*
Case No. 1:25-cv-08686-KPF

Dear Judge Failla:

Plaintiffs respectfully move the Court to order expedited production of the Certified Administrative Record ("CAR") by November 5, 2025. The CAR contains important evidence relevant to Plaintiffs' Motion to Postpone the Effective Date of Agency Action (here, the termination of Syria's Temporary Protective Status designation) pursuant to 5 U.S.C. § 705. Dkts. 19–21. Plaintiffs have conferred with Defendants in an effort to obtain the CAR without judicial intervention but have been unable to come to a resolution.

**A. Background**

As the Court is aware, time is running out for more than 6,100 long-time TPS holders from Syria and hundreds of Syrians with pending applications for TPS, who absent prompt judicial relief, stand to lose lawful status, work authorization, driver's licenses, health insurance, and the ability to remain with their U.S. citizen children and families as early as November 21, 2025. Plaintiffs ultimately seek an order setting aside the terminations pursuant to 5 U.S.C. § 706. Dkt. 1 ¶ 176.

On October 28, 2025, Plaintiffs requested that Defendants begin assembling the CAR, seeking production by November 3, 2025. *See* Ex. 1. Defendants stated they were conferring and would respond to the request by October 30. *See id.* On October 30, Defendants denied Plaintiffs' request. Notably, Defendants did not assert any burden or resource constraint in producing the CAR. Instead, they stated their belief that "it would be premature to produce an administrative record before the Court adjudicates the motion for preliminary [relief] or before [Defendants] have had a chance to move to dismiss." *See id.* The parties are therefore at an impasse that necessitates this motion.

Recognizing identical urgency in similar litigation over the vacatur and termination of TPS for Venezuela and Haiti, *Nat'l TPS Alliance v. Noem*, No. 3:25-cv-01766-EMC (N.D. Cal. 2025) ("*NTPSA I*"), and the termination of TPS for Honduras, Nepal, and Nicaragua, *Nat'l TPS Alliance v. Noem*, No. 3:25-cv-05687-TLT (N.D. Cal. 2025) ("*NTPSA II*"), district courts have ordered Defendants to produce the CARs within seven days. *See NTPSA I,* ECF No. 106 (ordering

production of CAR within seven days); *NTPSA II,* ECF No. 47 (same). Each CAR in those cases consisted of between 36 to 103 documents. *See NTPSA I,* ECF Nos. 103, 104, 110; *NTPSA II,* ECF Nos. 62, 63, 64.

### B. The Court has authority to order expedited production of the CAR.

Section 706 of the APA requires courts to "review the whole record" underlying an agency's decision. 5 U.S.C. § 706. Accordingly, the Court will need to consider the CAR before making a final decision on the merits of the Plaintiffs' claims.

The right to production of the CAR in the APA context arises from Supreme Court precedent, not from the discovery provisions of the Federal Rules of Civil Procedure such as FRCP 26 or FRCP 37. *See, e.g., Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (requiring judicial review of agency action to be based on the full administrative record before the agency at the time of its decision). To ensure agencies facing challenges under the APA produce complete administrative records in a timely fashion, district courts possess authority to compel production of administrative records, augment existing administrative records, and set appropriate timelines for production. *See New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 548 (S.D.N.Y. 2019), *aff'd in part, rev'd in part and remanded sub nom. Dep't of Commerce v. New York*, 139 S. Ct. 2551 (2019) (court ordered defendants to complete administrative record and authorized extra-record discovery). That includes the power to expedite production of the administrative record. *See Saleh v. Pompeo*, 393 F. Supp. 3d 172, 178 & n.4 (E.D.N.Y. 2019) (adopting magistrate judge's favorable ruling on a "motion to compel expedited production of the administrative record" requiring production within two weeks); *Manker v. Spencer*, No. 3:18-CV-372 (CSH), 2019 WL 1506654, at *6 (D. Conn. Apr. 5, 2019) ("The purpose of this Order is to expedite the production of the relevant administrative records."); *Center for Popular Democracy Action v. Bureau of the Census*, No. 19 Civ. 10917 (AKH) (S.D.N.Y. Jan. 9, 2020), Dkt. 34 (ordering expedited production regarding five challenged agency actions within two weeks). It is indisputably within this Court's discretion to direct expedited production in this case.

A request for expedited production of the administrative record in this case is consistent with this Court's holdings that requests for expedited discovery be reviewed "under the flexible standard of reasonableness and good cause." *See Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). Plaintiffs' claims of urgency are eminently reasonable given the imminent termination date of TPS for Syrians on November 21. Because of these unique circumstances and the risk that Plaintiffs will be irreparably harmed, Plaintiffs have made a request that is reasonable and supported by good cause. *See Ayyash*, 233 F.R.D. at 327.

### C. Plaintiffs' request is reasonable and achievable given Defendants' demonstrated ability to produce similar CARs rapidly.

Defendants' only argument against producing the CAR in accordance with Plaintiffs' proposed schedule is that it "would be premature to produce an administrative record before the Court adjudicates the motion for a preliminary [relief] or before [Defendants] have had a chance to move to dismiss." *See* Ex. 2. Contrary to this contention, the CAR may be useful to the Court in ruling on Plaintiffs' pending Motion to Postpone and—in the event of a ruling in Plaintiffs'

2

favor on that Motion and a subsequent appeal by Defendants—could be relevant to appellate proceedings in addition to being essential for further proceedings towards a final decision in this Court.

Moreover, courts have ordered expedited production in cases in similar procedural postures. In *NTPSA I*, the Court ordered—and Defendants produced—two CARs within seven days—more than a month prior to the filing of a motion to dismiss. Transcript of Proceedings at 114:1–116:7, *NTPSA I* (Mar. 24, 2025), ECF No. 91; ECF No. 106 (Apr. 8, 2025). In *NTPSA II*, the Court ordered production of three CARs within seven days and prior to the scheduled hearing on the motion for preliminary relief in that case. *NTPSA II,* ECF No. 47.

Notably, Defendants do not claim that producing the administrative record in this case would be burdensome. Indeed, the number of documents at issue here is likely to be small. In *NTPSA I*, the Venezuela and Haiti CARs contained fifty or fewer documents each. *NTPSA I*, Dkt. Nos. 103, 104, 110. In NTPSA II, the Honduras, Nepal, and Nicaragua CARs contained between 97-103 documents each. *NTPSA II,* Dkt. Nos. 62, 63, 64.  In *Ramos v. Nielson,* a similar challenge to TPS terminations from the first Trump Administration, the CARs were even smaller. *See Ramos v. Nielson*, Case No. 3:18-cv-01554-EMC (N.D. Cal. June 25, 2018) Dkt. 111 (Sudan CAR, 13 documents); Dkt. 112 (Nicaragua CAR, 34 documents); Dkt. 113 (Haiti CAR, 47 documents); Dkt. 114 (El Salvador CAR, 33 documents). There is no reason to expect the CAR related to the termination for Syria will be materially larger. And the vast majority of relevant materials—the USCIS decision memoranda, clearance records, State Department cables, and country-conditions compilations—are already centralized in DHS files. Defendants have been on notice since at least February 2025 that TPS terminations would be litigated and have been actively defending TPS terminations for seven countries before the instant litigation was filed. Any marginal administrative burden they subsequently may claim pales in comparison to the irreparable harms Plaintiffs face.

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to produce the CAR promptly, and in no event by later than November 5, 2025, which is over seven days from the date Plaintiffs made their request to Defendants and nine days before the scheduled November 14th hearing on the Motion to Postpone the Effective Date of Agency Action.

Sincerely,

/s/Guadalupe V. Aguirre
Guadalupe V. Aguirre
Senior Litigation Attorney
International Refugee Assistance Project