

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

November 3, 2025

**VIA ECF**
The Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Doe et al. v. Noem et al.*, No. 25-cv-8686 (KPF)

Dear Judge Failla:

      This Office represents defendants (the "government") in the above-captioned lawsuit brought by Plaintiffs under the Administrative Procedure Act ("APA") challenging the decision of defendant U.S. Secretary of Homeland Security Kristi Noem (the "Secretary") to terminate Syria's Temporary Protected Status ("TPS") designation. The government writes to oppose Plaintiffs' request for the expedited production of a certified administrative record. *See* Dkt. No. 35. As explained below, and as further explained in the government's recently filed brief (Dkt. No. 36), the TPS statute makes clear that Plaintiffs' claims are not judicially reviewable, and the Court should therefore not require the government to compile the administrative record before the government has had the chance to set forth (and the Court has adjudicated) its threshold defenses in a motion to dismiss.

      Where "the administrative record is not necessary" for a court to decide a defendant's dispositive motion, courts have repeatedly denied requests "to compel production of the administrative record." *Tahavori v. Blinken*, No. CV 23-1460 (JDB), 2024 WL 1328546, at *3 (D.D.C. Mar. 28, 2024) (quotation marks omitted); *see also, e.g.*, *Jiampietro v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 18-2806, 2018 WL 6920340, at *1 (2d Cir. Oct. 31, 2018) (granting motion "to defer the filing of the administrative record until after the Court's disposition of Respondent's motion to dismiss"); *Arab v. Blinken*, 600 F. Supp. 3d 59, 66 n.2 (D.D.C. 2022) (waiving production of administrative record "because 'the administrative record is not necessary for [the court's] decision'"); *Connecticut v. U.S. Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (waiving requirement to produce administrative record and noting the "practice" of courts to do the same "when 'the administrative record is not necessary'" to decide "a motion to dismiss" (quoting *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017)).

      Here, the government intends to move to dismiss the Complaint, and the administrative record will not be necessary to decide the government's motion. Plaintiffs challenge the Secretary's determination to terminate Syria's TPS designation under 8 U.S.C. § 1254a, but that same statute expressly says that there is "no judicial review" of TPS determinations. 8 U.S.C. § 1254a(b)(5)(A). It is true that multiple district courts—including in the two cases cited by Plaintiffs, namely, *Nat'l TPS Alliance v. Noem*, No. 3:25-cv-01766-EMC (N.D. Cal. 2025) ("*NTPSA I*") and *Nat'l TPS Alliance v. Noem*, No. 3:25-cv-05687-TLT (N.D. Cal. 2025)

("*NTPSA II*")—have proceeded to adjudicate similar challenges and have enjoined the Secretary's TPS termination determinations. *See* Dkt. No. 35 at 1–2. But the Supreme Court *twice* stayed orders issued by the district court in *NTPSA I* after the government pressed the same judicial-review argument that it advances here. Specifically, the Supreme Court (1) stayed the district court's order preliminarily postponing the termination of Venezuela's TPS designation, and (2) subsequently stayed the district court's order entering judgment for Plaintiffs. *Noem v. Nat'l TPS All.*, No. 25A326, 2025 WL 2812732, at *1 (U.S. Oct. 3, 2025) (staying district court's judgment and noting that while "the posture of the case has changed" since the stay of district court's preliminary order, "the parties' legal arguments and relative harms generally have not" and concluding that "same result" is "appropriate"). In doing so, the Supreme Court signaled that the government was likely to prevail on the merits. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (discussing factors that Supreme Court considers when issuing a stay, including likelihood of success on the merits).

In a footnote in their complaint, Plaintiffs downplay these Supreme Court orders as "non-precedential decision[s] with no analysis." Compl. at 28 n.55. But the Supreme Court has advised that interim orders should inform "how a court should exercise its equitable discretion in like cases." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). As one Supreme Court Justice recently explained, the Supreme Court's interim decisions "constitute[] a form of precedent (*de jure* or *de facto*) that provides guidance throughout the United States during the years-long interim period until a final decision on the merits."[1] *Trump v. CASA, Inc.*, 606 U.S. 831, 873 (2025) (Kavanaugh, J., concurring).

Even without the benefit of these Supreme Court interim orders, it is evident that Plaintiffs' claims are unreviewable under the plain language of section 1254a(b)(5)(A), which provides that "[t]here is no judicial review of *any* determination of the [Secretary] *with respect to* the designation, or termination or extension of a designation, of a foreign state" for TPS. 8 U.S.C. § 1254a(b)(5)(A) (emphasis added). The word "any," modifying "determination" in the statute, indicates a broad sweep. *See, e.g.*, *Patel v. Garland*, 596 U.S. 328 (2022) (Supreme Court "has repeatedly explained" that "the word 'any' has an expansive meaning" (quotation marks omitted)); *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) (describing "'any'" as an "expansive word"). And the term "respecting" likewise "has a broadening effect, ensuring that the scope of a provision covers not only its subject but also matters relating to that subject." *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 717 (2018).

Plaintiffs' challenges to the Secretary's TPS terminations relating to Syria plainly fit into this broad bar on judicial reviewability, and their claims are not cognizable, even to the extent that they purport to challenge procedural defects under the APA. *See* 5 U.S.C. § 701(a)(1) (APA review does not extend to statutes that "preclude judicial review"); *Yale New Haven Hosp. v. Becerra*, 56 F.4th 9, 20 (2d Cir. 2022) ("[I]f a no-review provision shields particular types of administrative action, a court may not inquire whether a challenged agency decision is arbitrary, capricious, *or procedurally defective*; rather, a court must simply determine whether the

---

[1] Accordingly, it is unsurprising that in *NTPSA II*—the other case Plaintiffs cite—the Ninth Circuit stayed a preliminary order issued by a district court in a similar case. *NTPSA II,* No. 25-4901, Dkt. No. 19.1 (9th Cir. Aug. 20, 2025).

challenged agency action is of the sort shielded from review." (quoting *Amgen, Inc. v. Smith*, 357 F. 3d 103, 113 (D.C. Cir. 2004); emphasis in original and quotation marks omitted)).

As previewed in the government's opposition to Plaintiffs' motion for a preliminary injunction (Dkt. No. 36), the Complaint has several other defects as well. For example, the Court lacks jurisdiction because an additional statute, 8 U.S.C. § 1252(f)(1), bars the relief that Plaintiffs seek, providing in relevant part that "no court (other than the Supreme Court) shall have jurisdiction or authority to *enjoin or restrain* the operation of the provisions of part IV of this subchapter. . . . ." 8 U.S.C. § 1252(f)(1) (emphasis added); Dkt. No. 36 at 11–13. Section 1254a is one such covered provision, and an order postponing the Secretary's TPS termination is the sort of order "enjoin[ing] or restrain[ing]" the Secretary that section 1252(f)(1) prohibits. Dkt. No. 36 at 11–13. And even if the Court could reach the merits of Plaintiffs' APA and equal protection claims, those claims lack merit. *Id.* at 13–23.

Because the government has grounds to seek dismissal of the complaint that are not dependent on a certified administrative record, the Court should not order the government to prematurely produce one. Indeed, the Supreme Court in *In re United States*, 583 U.S. 29, 32–13 (2017), ruled that the district court should have "first resolved the Government's threshold arguments" (including that the action being challenged was "unreviewable") before requiring that the government produce a complete administrative record. As noted above, many lower courts have done the same. *See, e.g.*, *Jiampietro*, 2018 WL 6920340, at *1; *Tahavori*, 2024 WL 1328546, at *3; *Arab*, 600 F. Supp. 3d at 66 n.2; *Connecticut*, 344 F. Supp. 3d at 294 (citing *Mdewakanton Sioux Indians of Minn.*, 264 F. Supp. 3d at 123 n.12).

Though Plaintiffs suggest that the government should produce a certified record before the November 14 hearing on Plaintiffs' motion for a preliminary injunction, this ignores that "preliminary injunction rulings are [virtually always] based on incomplete records," and it would be highly unusual to move to compel an administrative record at this stage. *See F.T.C. v. Verity Int'l, Ltd.*, 124 F. Supp. 2d 193, 204 (S.D.N.Y. 2000); *see also G.Y.J.P. v. Wolf*, No. 1:20-cv-01511 (TNM), 2020 WL 4192490, at *2 (D.D.C. July 21, 2020) ("This Court's general practice is to adhere to the traditional civil litigation sequence: the plaintiff files a complaint; then the defendant answers or seeks dismissal of the complaint; then–in APA cases—the Government produce an administrative record; and only then does the Court consider motions for summary judgment. If [plaintiff] does truly face imminent harm, the appropriate procedure would be for [plaintiff] to move for a preliminary injunction, not for the Court to expedite summary judgment briefing with no good cause shown.").

Further, Plaintiffs' request that the Government be ordered to produce the certified record by November 5, 2025, four days after they submitted their request to the Court, is unreasonable. The compilation of an administrative record in cases like this one requires agency staff to sift through large volumes of documents to compile the relevant records. The record then must undergo multiple layers of review before it can be certified and produced. The timeline that Plaintiffs have proposed is unreasonable.

We thank the Court for its consideration of these matters.

                Respectfully,

                JAY CLAYTON
                United States Attorney for the
                Southern District of New York

     By: /s/ Mark Osmond
         REBECCA S. TINIO
         MARK OSMOND
         Assistant United States Attorneys
         86 Chambers Street, Third Floor
         New York, NY 10007
         Tel.: (212) 637-2774/2713
         rebecca.tinio@usdoj.gov
         mark.osmond@usdoj.gov