

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 29, 2025

Via ECF
Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Doe et al. v. Noem et al.*, No. 25-cv-8686 (KPF)

Dear Judge Failla:

    This Office represents defendants (the "Government") in the above-referenced lawsuit brought under the Administrative Procedure Act ("APA") and the equal-protection guarantee of the Fifth Amendment's Due Process Clause challenging the decision of defendant U.S. Secretary of Homeland Security Kristi Noem (the "Secretary") to terminate Syria's Temporary Protected Status ("TPS") designation. In accordance with the Court's Individual Practice Rules, we write respectfully to request a pre-motion conference in connection with the Government's anticipated motion to dismiss and/or for summary judgment. *See* Individual Rule of Practice Rule 4(A). The Government respectfully proposes, however, that the Court defer briefing in connection with the Government's anticipated motion until the appeal of the Court's order granting Plaintiff's motion for a preliminary injunction, *see* ECF No. 54 (the "Order"), is resolved, because the rulings on the Government's appeal may provide guidance regarding the legal issues in this litigation.

    Plaintiffs filed their Complaint on October 20, 2025, *see* ECF No. 1, and served the Government with the Complaint on October 28, 2025. On October 21, Plaintiffs moved for a preliminary injunction to delay the termination of Syria's TPS designation. *See* ECF No. 19 (the "Motion for Preliminary Injunction"). On October 30, Plaintiffs moved for the expedited production of the Certified Administrative Record ("CAR"). *See* ECF No. 35. (the "Motion to Compel"). On November 19, the Court issued the Order postponing the Secretary's termination of the TPS designation for Syria "pending further order from [the] Court or a reviewing court, pursuant to 5 U.S.C. § 705." ECF No. 54. The Court also denied without prejudice Plaintiffs' Motion to Compel "[g]iven the anticipated appeal in this matter." *Id.* On November 25, 2025, the Government filed a notice of interlocutory appeal, ECF No. 56, and thereafter moved for a stay of the Order in the Second Circuit. The Government's motion is now fully briefed.

    The Government anticipates moving to dismiss and/or for summary judgment for substantially the same reasons that the Government articulated in its memorandum of law in opposition to Plaintiffs' Motion for Preliminary Injunction. *See* ECF No. 36. Specifically, the Government intends to argue, among other things, that: (1) judicial review of Plaintiffs' claims is barred by 8 U.S.C. § 1254a(b)(5)(A), *see id.* 8–11; (2) the relief Plaintiffs seek would have the effect of enjoining or restraining DHS's implementation of the TPS provisions in violation of 8 U.S.C. § 1252(f)(1), *see id.* 11–13; (3) Plaintiffs' claims are not cognizable under the APA, 5 U.S.C. § 702, because the APA does not waive sovereign immunity where another statute forbids

the relief sought, *see* ECF No. 36, at 9 n.3; (4) Plaintiffs' APA claims fail on the merits because the Secretary's determination was reasonable and accorded with the law, *id.* at 13–15; and (5) Plaintiffs have failed to state a plausible claim that the Secretary was motivated by discriminatory animus and therefore their Fifth Amendment claims should be dismissed, *id.* at 19–24.

Because Second Circuit or Supreme Court rulings on the Government's appeal may provide guidance regarding the legal issues in this litigation, the Government proposes that within ten days after the Government's appeal is resolved, the parties submit a status letter with a proposed date by which the Government will file the CAR, as well as a proposed briefing schedule in connection with the Government's anticipated motion. Plaintiffs do not object to the deferral of briefing on the Government's anticipated motion while noting that they reserve the right to seek the administrative record, move for summary judgment, or make other motions to the Court regardless of when the Government's motion is briefed.

We thank the Court for its attention to this matter and consideration of these requests.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     /s/ Mark Osmond
REBECCA S. TINIO
MARK OSMOND
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2713
E-mail: mark.osmond@usdoj.gov

cc: All counsel of record (via ECF)