Case: 25-2995, 02/17/2026, DktEntry: 37.1, Page 1 of 3
Case 1:25-cv-08686-KPF   Document 67   Filed 02/19/26   Page 1 of 3

1:25-cv-08686-KPF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 19, 2026

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-six.

Present:
    Beth Robinson,
    Alison J. Nathan,
    Maria Araújo Kahn,
        *Circuit Judges*.

---

Dahlia Doe, et al.,

    *Plaintiffs-Appellees*,

v.                                                    25-2995

Kristi Noem, Secretary, United States Department of Homeland Security, in her official capacity, et al.,

    *Defendants-Appellants*.

---

On November 25, 2025, the Government appealed from the district court's postponement order issued pursuant to 5 U.S.C. § 705. One week later, the Government moved to stay that order pending appeal. No administrative stay was granted by the applications judge, and the motion was calendared to be decided on submission by this three-judge motions panel sitting January 13, 2026. On January 15, 2026, given that the Government's motion papers did not address the basis for our interlocutory appellate jurisdiction over a § 705 postponement order, we ordered both parties to submit supplemental letter briefs identifying the source of our jurisdiction.

Based on that briefing, we conclude that we have appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981).

Having assured ourselves of our jurisdiction, and for the reasons discussed below, the Government's motion for a stay pending appeal is **DENIED**.

First, for purposes of this stay pending appeal, we have considered the Supreme Court's stay orders related to a different Temporary Protected Status (TPS) termination. However, those orders involved a TPS designation of a different country, with different factual circumstances, and different grounds for resolution by the district court. In light of these differences, and because the Supreme Court's stay orders contained no explanation of their grounds for granting emergency relief, they are not dispositive of our analysis of the merits in this dispute. *See Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2663 (2025) (Gorsuch, J., concurring in part) ("[R]egardless of a decision's procedural posture, its reasoning—its *ratio decidendi*—carries precedential weight in future cases." (internal quotations omitted)).

We go on to consider the four stay factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotations omitted).

At this juncture, we conclude that the Government has not made the requisite strong showing of likely success on the merits. First, while the TPS statute bars judicial review of "any determination of the [Secretary] with respect to the . . . termination . . . of a [TPS] designation," 8 U.S.C § 1254a(b)(5)(A), it does not bar judicial review of the Secretary's compliance with that statute's procedural requirements—the contrary interpretation runs headlong into both *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), and the "presumption favoring judicial review of administrative action," *Kucana v. Holder*, 558 U.S. 233, 251 (2010). Next, the district court's postponement order under APA § 705 does not operate as an injunction requiring the Secretary to take any particular action; rather, it merely postpones the effective date of the Secretary's purported termination and thus does not run afoul of 8 U.S.C. § 1252(f)(1). *See Make the Road N.Y. v. Noem*, No. 25-5320, 2025 WL 3563313, at *15–18 (D.C. Cir. Nov. 22, 2025); *Immigrant Defs. L. Ctr. v. Noem*, 145 F.4th 972, 989–90 (9th Cir. 2025); *Texas v. United States*, 40 F.4th 205, 219–20 (5th Cir. 2022); *cf. Nken*, 556 U.S. at 428 (an injunction "is a means by which a court tells someone what to do or not to do"). Finally, the Government is unlikely to succeed on its argument that the Secretary engaged in the required inter-agency consultation under 8 U.S.C. § 1254a(b)(3)(A) before

terminating Syria's TPS designation. Because the Government has not established a likelihood of success, its stay application must be denied.

Even if the Government had established a likelihood of success, it must also demonstrate that it will suffer irreparable harm absent a stay. On this posture, the Government must establish "an injury that is neither remote nor speculative, but actual and imminent[.]" *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotations omitted). Unlike in prior TPS cases, which involved over 300,000 TPS holders, the Government here has not claimed that allowing the 6,100 Syrian TPS holders to remain in the country during the pendency of this litigation would "strain[] police stations, city shelters, and aid services in local communities that had reached a breaking point." Stay Application at 37, *Noem v. Nat'l TPS All.*, No. 24A1059; *see also* Stay Application at 24, *Noem v. Nat'l TPS All.*, No. 25A326. Nor has it alleged that the district court's postponement order will imminently threaten "complex and *ongoing* negotiations" with Syria. Stay Application at 37, *Noem v. Nat'l TPS All.*, No. 24A1059 (emphasis added). The Government has not explained how general harm to "public safety" and "the national interest," Stay Motion at 25, is sufficiently "actual and imminent" to justify immediate intervention, *Pryor*, 481 F.3d at 66 (internal quotations omitted).

Although the Government's failure to demonstrate irreparable harm is a sufficient basis to deny the stay, we also conclude that the final two stay factors—the balance of equities and the public interest—decidedly favor the Plaintiffs-Appellees, who have demonstrated that upon termination of their TPS they will be stripped of their authorization to work in the United States and face immediate removability to Syria.

For the foregoing reasons, it is hereby **ORDERED** that the Government's motion for a stay pending appeal is **DENIED**. The current time frame by which this matter will advance to a merits panel for resolution of the appeal reflects the Government's choice to proceed on a non-expedited basis. Its opening brief is currently due on the date it requested: March 11, 2026. If the Government wishes to file its brief sooner, it may move to expedite the briefing schedule.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

CERTIFIED COPY ISSUED ON 02/17/2026