

**IRAP**

International Refugee
Assistance Project

March 27, 2026

<u>*Via ECF*</u>

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Dahlia Doe v. Noem,* 1:25-cv-08686 (KPF)
    Production of Certified Administrative Record

Dear Judge Failla:

Plaintiffs respectfully renew their request that this Court order production of the certified administrative record (CAR) in this case. *See* ECF 35. This Court previously denied Plaintiffs' request for production of the record without prejudice at the time it granted Plaintiffs' motion for postponement. *See* ECF 54. As explained below, developments since that time warrant production of the administrative record now. The parties met and conferred about this request on March 27 and were unable to reach a resolution. Defendants stated they oppose this motion because the Supreme Court has granted certiorari.

Plaintiffs initially sought production of the administrative record in order to litigate this case, and in particular their motion to postpone, relying on the uniform practice of other courts that had ordered production of the administrative record in recent challenges to TPS terminations. *See* ECF 35 at 1-2 (citing district court orders requiring production of records for the terminations for Venezuela, Haiti, Honduras, Nicaragua, and Nepal).

Other courts have done the same for terminations involving Somalia, Ethiopia, South Sudan, Cameroon, and Haiti. *See Afr. Commtys. Together v. Noem*, No. 1:26-cv-11201-ADB (D. Mass. Mar. 13, 2026) ("*ACT III*"), Dkt. 33 (administratively staying termination of TPS for Somalia until CAR produced and issue of preliminary relief fully briefed); *Afr. Commtys. Together v. Noem*, No. 1:26-cv-10278-BEM (D. Mass. Jan. 26, 2026) ("*ACT II*"), Dkt. 24 (ordering production of CAR regarding termination of TPS for Ethiopia within 8 days); *Afr. Commtys. Together v. Noem*, No. 1:25-cv-13939-PBS (D. Mass. Jan. 15, 2026) ("*ACT I*") (ordering production of CAR regarding termination of TPS for South Sudan within 7 days), Dkt. 53; *Miot v. Trump,* No. 1:25-cv-02471 (D.D.C. Dec. 1, 2025), Min. Entry (ordering filing of CAR within 10 days); *CASA v. Noem,* 8:25-cv-01484 (D. Md. Jun. 18, 2025), Dkt. 68 (ordering filing of CAR for

Cameroon within 7 days). And in another case involving the termination of TPS for Burma, Defendants voluntarily produced the relevant administrative record early in the litigation. *See Aung Doe v. Noem,* 1:25-cv-15483 (N.D. Ill. Jan. 16, 2026), Dkts. 39-43 (CAR produced before court hearing on 705 motion); *see also CASA v. Noem,* 8:25-cv-01484, Dkt. 59 (CAR for termination of TPS for Afghanistan produced within two months of complaint). As far as Plaintiffs are aware, this is the only case challenging a TPS termination by this administration in which Defendants have not produced or will soon produce the administrative record, with the exception of litigation regarding the termination of TPS for Yemen, which was initiated this month and is still at a preliminary stage. *See Noor Doe v. Noem*, No. 26-cv-2103-DEH (S.D.N.Y. Mar. 14, 2026).

Subsequent developments have confirmed that this Court should order production of the record in this case. Defendants opposed Plaintiffs' initial request primarily on the ground that production of the record would "not be necessary" to decide this case because Defendants believed this Court lacked subject matter jurisdiction. ECF 37 at 1–3 (citing 8 U.S.C. 1254a(b)(5)(A)). However, this Court rejected that view when it granted Plaintiffs' motion to postpone. Tr. of Oral Decision, Nov. 19, 2025 at 9–11. In addition, Defendants argued the Supreme Court's stay orders in *NTPSA* would require denial of Plaintiffs' motion, but this Court rejected that view as well, *id.* at 4-5. The Second Circuit also rejected both these arguments when it denied Defendants' request for a stay pending appeal. *Doe v. Noem,* No. 25-2995 (2d Cir. Feb. 17, 2026), Dkt. 36.1 at 2. Perhaps most important, the Supreme Court did *not* grant Defendants' application for a stay in this case when it recently granted certiorari before judgment. *See Noem v. Doe,* No. 25-1083 (U.S. Mar. 16, 2026).

Now that the Supreme Court has granted certiorari before judgment, Plaintiffs respectfully believe all parties would benefit from production of the administrative record. Should Plaintiffs prevail, production of the record would speed final adjudication of this case. And should Plaintiffs lose on any ground that preserves at least some of their claims, there will be a need for speedy adjudication of the remaining issues, which would of course be aided by the availability of the administrative record.

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to produce the administrative record promptly, and in no event by later than April 3, 2026, to allow for continued litigation and resolution of this matter.

Respectfully submitted,

/s/ *Megan Hauptman*
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Megan Hauptman*
650 Massachusetts Ave NW

Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

Guadalupe Aguirre
Ghita Schwarz
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
laguirre@refugeerights.org
gschwarz@refugeerights.org

MUSLIM ADVOCATES
Golnaz Fakhimi
Sadaf Hasan*
Nargis Akbary Aslami*
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 655-2969
golnaz@muslimadvocates.org
sadaf@muslimadvocates.org
nargis@muslimadvocates.org

VAN DER HOUT LLP
Marc Van Der Hout*
Johnny Sinodis*
Oona Cahill*
360 Post Street, Suite 800 San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Counsel for Plaintiffs*

*Admitted *pro hac vice*