

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 30, 2026

**VIA ECF**
The Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007



Re:    *Doe et al. v. Mullin*[1] *et al.*, No. 25-cv-8686 (KPF)

Dear Judge Failla:

This Office represents defendants (the "government") in the above-captioned lawsuit challenging the decision of the Secretary of Homeland Security (the "Secretary") to terminate Syria's Temporary Protected Status ("TPS") designation. The government writes to oppose Plaintiffs' renewed request for the production of the certified administrative record. *See* Dkt. No. 68. As explained below, Plaintiffs' request should be denied because the Supreme Court is already considering this case on an expedited schedule and may resolve issues that will control whether further proceedings here are necessary. Further, this Court already denied Plaintiffs' request for the administrative record in light of the appeal in this matter, and nothing has changed to justify a different result now; if anything, the reasons for deferring the filing of the record are even stronger.

A.    **Background**

**District Court Proceedings.** On September 19, 2025, the Secretary announced the termination of Syria's TPS designation[2] and, three days later, issued a notice in the Federal Register stating that the termination would be effective on November 21. *See* 90 Fed. Reg. 45,398. On October 20, Plaintiffs commenced this action and, the next day, moved to postpone the Secretary's determination under 5 U.S.C. § 705. Dkt. Nos. 1, 19.

On October 30—ten days after the lawsuit was initiated and the day before the government's opposition to Plaintiffs' motion was due—Plaintiffs moved for the expedited production of the administrative record and asked that it be produced within four days. Dkt. No. 35.

On November 19, this Court granted Plaintiffs' motion to postpone the termination of Syria's TPS designation (the "postponement order"). Dkt. No. 54. The Court also denied without prejudice Plaintiffs' request for the production of the certified administrative record "[g]iven the

---

[1] Secretary of Homeland Security Markwayne Mullin is automatically substituted for former Secretary Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d).

[2] www.dhs.gov/news/2025/09/19/secretary-noem-announces-termination-temporary-protected-status-syria.

anticipated appeal in this matter." *Id.* As discussed below, the government appealed the postponement order.

On December 29, while its appeal was pending, the government filed a pre-motion conference letter in accordance with this Court's Individual Rules, stating that it intended to move to dismiss the complaint and/or for summary judgment. Dkt. No. 63. The government proposed that briefing be held in abeyance "[b]ecause Second Circuit or Supreme Court rulings on the Government's appeal may provide guidance regarding the legal issues in this litigation." *Id.* at 2. The government further proposed that, within ten days after the resolution of its appeal, the parties submit a joint status letter with a proposed briefing schedule and the date by which the government would file the certified administrative record. *Id.* The Court endorsed this proposal and directed the parties to file the contemplated joint status letter within ten days after the resolution of the appeal. Dkt. No. 64.

**Second Circuit Proceedings.** On November 25, the government appealed the postponement order and shortly thereafter moved the Second Circuit for an emergency stay, which the Circuit denied on February 17, 2026. Case No. 25-2995 (2d Cir.), Dkt. Nos. 12, 36. The government filed its merits brief on March 11. *Id.*, Dkt. No. 38.

**Supreme Court Proceedings.** On February 26, the government asked the Supreme Court for a stay of the postponement order, requesting that its submission be construed as a petition for a writ of certiorari before judgment.[3] On March 16, the Court granted certiorari. The Supreme Court also consolidated this case with a similar case involving the termination of Haiti's TPS designation. The case is proceeding on an expedited schedule: the government's merits brief is due today; Plaintiffs' brief is due on April 13; and the government's reply is due on April 20. Oral argument is scheduled for April 29, and a decision is expected by late June, when the Supreme Court's current term ends.

**Plaintiffs' Motion.** On March 27, Plaintiffs moved this Court for an order requiring production of the administrative record within one week. Dkt. No. 68. Plaintiffs argue that "[n]ow that the Supreme Court has granted certiorari before judgment, . . . all parties would benefit from production of the administrative record." *Id.* at 2.

### B. <u>Argument</u>

The Court should deny Plaintiffs' unusually timed request for the administrative record. This Court issued the postponement order more than four months ago, and Plaintiffs have not renewed their request for the record since then—even as the parties have actively litigated the government's appeal. Plaintiffs now ask that the administrative record be produced given that "the Supreme Court has granted certiorari." Dkt. No. 68 at 2. But the Supreme Court was well aware, when it granted certiorari, that the administrative record had not been produced. Indeed, Plaintiffs themselves pressed this point in opposing the government's application for certiorari. *See, e.g.*, Pl. Opp. to App. for Stay, *available at* https://tinyurl.com/4dkphnc4, at 1–3 ("Remarkably, the government . . . seeks certiorari before judgment, even though the . . .

---

[3] The Supreme Court docket for this case is available at https://www.supremecourt.gov/docket/DocketFiles/html/Public/25-1083.html.

decision below . . . rests on no administrative record. . . . The government cannot show the district court's factual findings were clearly erroneous at this stage, when it has not even produced the administrative record. . . . If this Court is to consider a TPS case, it should do so on a full record. . . .").

The Court should not order the production of the administrative record when the Supreme Court granted certiorari on the current record, with full knowledge that the administrative record had not been filed. The timing of Plaintiffs' request makes it especially inappropriate, because the record would become available after the government filed its merits brief but before Plaintiffs' merits brief is due. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("a court may . . . properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action" (collecting cases)); *cf. Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96–100 (2d Cir. 2012) ("power to stay proceedings is incidental to the power inherent in every court" and requires "a particularized inquiry into the circumstances of, and the competing interests in, the case" (quotation marks omitted)).

Plaintiffs also argue that the Court should order the production of the administrative record now that this Court has rejected the government's argument that judicial review of the Secretary's TPS determinations is barred by 8 U.S.C. § 1254a(b)(5)(A). Dkt. No. 68 at 2. But the Court denied Plaintiffs' request for the production of the administrative record "[g]iven the anticipated appeal in this matter" in the postponement order itself. Dkt. No. 54. Nothing material has changed since that ruling to make production of the record appropriate now; if anything, the considerations that warranted denial of Plaintiffs' request in November are even stronger now that the Supreme Court has granted certiorari and is proceeding on an expedited schedule. The Supreme Court is now on the verge of deciding this case, and its decision will determine whether Plaintiffs have any path forward here such that the production of the administrative record is necessary. *Cf. In re Literary Works in Elec. Databases Copyright Litig.*, No. 00 CIV 6049, 2001 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2001) (district court should "stay further proceedings pending a Supreme Court decision in a closely related case" and "a stay may be proper even when the issues in the independent proceeding are not necessarily controlling of the action before the court" (citing *Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (per curiam)).

If, after the Supreme Court issues its opinion (presumably by late June), any issues remain that require producing the administrative record, the government will produce it on a timely basis. Specifically, after the Supreme Court rules, the government will confer with Plaintiffs and propose a date for the record's production in the parties' joint status letter, which will be due ten days after the Supreme Court rules. Dkt. No. 64.

I thank the Court for its consideration of these matters.

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   /s/ Mark Osmond
MARK OSMOND
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel.: (212) 637-2713
mark.osmond@usdoj.gov

The Court has reviewed Plaintiffs' renewed motion to compel the production of the certified administrative record (Dkt. #68), as well as the Government's above response (Dkt. #70).  The Court begins by noting that, like the Government, it wishes that Plaintiffs had renewed this request earlier.  That said, given the fact that the Supreme Court has not stayed this matter, and other courts to consider claims like Plaintiffs' have ordered the production of the certified administrative record, Plaintiffs' request is hereby GRANTED.

The Government shall produce the certified administrative record on or before **April 3, 2026.**

The Clerk of Court is directed to terminate the pending motion at docket entry 68.

Dated:   March 31, 2026          SO ORDERED.
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

4