

International Refugee
Assistance Project

April 10, 2026

<u>**Via ECF**</u>
The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re: *Dahlia Doe v. Noem,* 1:25-cv-08686 (KPF)

Dear Judge Failla:

Plaintiffs write regarding a dispute concerning redactions in the Certified Administrative Record ("CAR"), which Defendants produced on April 3, 2026. Defendants withheld nearly the entirety of the Decision Memorandum for the Secretary prepared by United States Citizenship and Immigration Services ("USCIS Decision Memo"), ECF 72-2 at AR1-14; *see* Exh. A (redacted Decision Memo). The USCIS Decision Memo is a document memorializing former Secretary Noem's final decision to terminate Temporary Protected Status ("TPS") for Syria and the reasons supporting this decision. The parties met and conferred and were unable to reach a resolution. Defendants assert that the redacted portions of the memorandum are deliberative in nature, not properly part of the administrative record, and covered by the deliberative process privilege ("DPP").

Because the USCIS Decision Memo reflects a final agency decision, the invocation of the deliberative process privilege to withhold almost the entirety of this document is unjustified.[1] Indeed, several courts have compelled the government to disclose unredacted versions of other TPS-related Decision Memos. *See, e.g.*, *NTPSA v. Noem,* 25-cv-05687 (N.D. Cal.), Dkt. No. 105 (holding DPP did not apply to Decision Memos for termination of TPS for Nicaragua, Nepal and Honduras); Exh. B (Honduras Memo); Exh. C (Nicaragua Memo); Exh. D (Nepal Memo); *Miot v. Trump,* 1:25-cv-02471 (D.D.C.), Dec. 16, 2025 Min. Order ("The Court sees no basis for the redaction of [] the [Haiti] Decision Memorandum"); Exh. E (Haiti Memo); *CASA v. Noem,* 25-cv-1484 (D. Md.), Dkt. No. 143 (ordering production of mostly unredacted Decision Memos for Afghanistan and Cameroon); Exh. F (Afghanistan Memo); Exh. G (Cameroon Memo); *NTPSA v. Noem,* 25-cv-1766 (N.D Cal.), Dkt. No. 184 (ordering production of documents withheld under DPP, including Decision Memo); *see also Miot,* 25-cv-2471, Dkt. Nos. 84-2; 84-3; 84-5 (collecting unredacted Decision Memos produced in litigation during first Trump administration). Even if the invocation of the deliberative process privilege could be justified, it is a qualified privilege, and this Court should overrule the invocation of the privilege as the interests in disclosure far outweigh those favoring secrecy.

---

[1] Defendants' assertion that the Decision Memo is not properly part of the administrative record presumes that the Memo is properly covered by the DPP. *See State v. ICE,* 438 F. Supp. 3d 216, 218 (S.D.N.Y. 2020). This argument is undermined by Defendants' repeated production of the Decision Memo as part of the administrative record in other TPS cases. Regardless, as established below, the DPP does not cover this final agency document; even if did, the court should overrule the invocation of the privilege because of the weighty interests in disclosure.

"An inter- or intra-agency document may be withheld pursuant to the deliberative process privilege" only if it is: "(1) 'predecisional,' *i.e.,* 'prepared in order to assist an agency decisionmaker in arriving at his decision,' and (2) 'deliberative,' *i.e.,* 'actually ... related to the process by which policies are formulated.'" *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 356–57 (2d Cir. 2005). The privilege is rooted in "the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and frontpage news." *United States Fish & Wildlife Serv. v. Sierra Club, Inc.,* 592 U.S. 261, 267 (2021) (citing *Dep't of Int. v. Klamath*, 532 U.S. 1, 8–9 (2001)). "This rationale does not apply, of course, to documents that embody a final decision, because once a decision has been made, the deliberations are done." *Sierra Club,* 592 U.S. at 268.

The deliberative process privilege does not apply to the USCIS Decision Memo, which is not pre-decisional or deliberative but rather reflects a final agency decision. The memo includes the final recommendation of USCIS and supporting reasons, upon which the Secretary purportedly based her termination decision: The document is titled "Decision" and ends with a partially unredacted page signed by the Secretary that approves the termination of TPS for Syria on July 31, 2025, ECF 72-2 at AR14—one day before the statutory deadline for her decision, 8 U.S.C. § 1254a(b)(3)(A) (decision must be made 60 days before current period of TPS expires). This strongly indicates that the memo reflects the "final view" and decision of the agency on the status of Syria's TPS, not the agency's "preliminary view" or "merely tentative position." *Sierra Club,* 592 U.S. at 268. Documents that "reflect a final agency decision and the reasons supporting it" are not covered under the deliberative process privilege. *Sierra Club,* 592 U.S. at 268.

The fact that the Decision Memo includes USCIS's recommendation to the Secretary does not render it deliberative, as Department of Homeland Security (DHS) clearly "adopted" the Decision Memo as DHS's final agency policy on the termination of TPS for Syria. Even where a document may have DPP status, it "can lose" its DPP "status if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public." *Coastal States Gas Corp. v. Dep't of Energy,* 617 F.2d 854, 866 (D.C. Cir. 1980). The purpose of the privilege—encouraging candid discussion among government officials—is not served where a document is adopted as final agency policy. *NLRB v. Sears,* 421 U.S. 132, 161 (1975). "First, when adopted, the reasoning becomes that of the agency and becomes its responsibility to defend. Second, agency employees will generally be encouraged rather than discouraged by public knowledge that their policy suggestions have been adopted by the agency. Moreover, the public interest in knowing the reasons for a policy actually adopted by an agency supports [disclosure]." *Id.* Here, the Secretary signed and adopted the aptly-titled "Decision" Memo as the "agency['s] position on [the] issue" of terminating TPS for Syria. *Coastal State Gas,* 617 F.2d at 866.

Even assuming, *arguendo,* that some parts of the Decision Memo might be properly withheld, there is no defensible justification for withholding the memo in full, as the deliberative process privilege does not cover "purely factual" material, *Grand Cent. P'ship, Inc. v. Cuomo,* 166 F.3d 473, 482 (2d Cir. 1999). From the contents of the unredacted memos produced in other cases, *see, e.g.* Exhs. A-F, it is reasonable to presume that a significant portion of the memoranda is comprised of segregable factual material clearly not covered by the privilege.

Finally, even if the Court finds the privilege is properly invoked, the Court should order disclosure of the unredacted Decision Memo. DPP is a "qualified" privilege which may be overruled if the interests in disclosure outweigh the interests in privacy. *Dorce v. City of New York*, 2023 WL 7545345, at *4 (S.D.N.Y. Nov. 14, 2023). "Courts must balance an agency's interest in nondisclosure against a litigant's need for the information and, to some extent, the public's interest in open government when deciding whether to uphold the privilege. Thus, the privilege may be inapplicable where the agency's deliberations are among the central issues in the case." *Greater New York Taxi Ass'n v. City of New York*, 2017 WL 4012051, at *9 (S.D.N.Y. Sept. 11, 2017) (cleaned up). Courts in this circuit apply a five-part balancing test to evaluate whether the deliberative process privilege should be overruled: (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable. *Id*.

Each of these factors counsels in favor of disclosure here. *(i)* The Decision Memo, the key document which contains the agency's reasoning in support of termination, is extremely relevant to Plaintiff's claims that the Secretary failed to conduct an objective country-conditions review and failed to comply with the inter-agency consultation requirement required by 8 U.S.C. § 1254a(b)(3)(A). The agency's explanation of the factors and sources considered in the Secretary's decision is necessary for plaintiffs to assess whether the decision was made in compliance with statutory requirements. For instance, the presence (or absence) of references to consultation with the State Department in the Decision Memo would be probative of this central element of Plaintiffs' claims. *(ii)* Little other evidence of the factors considered by the Secretary or her decision-making process is available. The USCIS Decision Memo, which explains and memorializes the reasoning behind the Secretary's decision, is the most complete record of the factors considered by the Secretary in deciding to terminate TPS for Syria—there is no alternative document that serves a similar function. And there are a limited number of USCIS- or DHS-created documents in the CAR, *see* ECF 72-1 (CAR index), none of which give similar insight into the Secretary's decision-making process.

*(iii)* The seriousness of the litigation, which could ultimately result in Syrian TPS holders being stripped of their status and subject to deportation to an unsafe country, strongly supports disclosure. *(iv)* When the government's decision-making process is at the core of a Plaintiff's claims, as it is here, courts recognize that the fourth factor favors disclosure. *See e.g., Dorce*, 2023 WL 7545345, at *5. *(v)* Finally, given that the USCIS Decision Memo reflects the final decision of the Secretary, *see supra,* "the risk of chilling agency deliberations is limited because the views expressed in [the withheld document] were incorporated in the agency's justifications of the ... decision." *New York v. Wolf*, 2020 WL 3073294, at *4 (S.D.N.Y. June 10, 2020). Even if that were not the case, "[t]he small possibility that government employees could be chilled in their internal deliberations is outweighed by the other factors, which balance in favor of disclosure ...." *Ciaramella v. Zucker*, 2021 WL 4219501, at *5 (S.D.N.Y. Sept. 16, 2021).

For the foregoing reasons, Plaintiffs respectfully move the Court to compel Defendants to produce an unredacted version of the USCIS Decision Memorandum, or, at a minimum, to conduct an *in camera* review of the document to determine whether it is properly subject to the privilege.

Respectfully submitted,

/s/ *Megan Hauptman*
INTERNATIONAL REFUGEE
ASSISTANCE PROJECT
Megan Hauptman*
650 Massachusetts Ave NW
Suite 600
Washington, D.C. 20001
(646) 939-7329
mhauptman@refugeerights.org

Hussein Elbakri
Guadalupe Aguirre
Ghita Schwarz
One Battery Park Plaza, Fl 33
New York, NY 10004
(929) 246-0154
helbakri@refugeerights.org
laguirre@refugeerights.org
gschwarz@refugeerights.org

MUSLIM ADVOCATES
Golnaz Fakhimi
Sadaf Hasan*
Nargis Akbary Aslami*
1032 15th Street N.W. #362
Washington, D.C. 20005
(202) 655-2969
golnaz@muslimadvocates.org
sadaf@muslimadvocates.org
nargis@muslimadvocates.org

VAN DER HOUT LLP
Marc Van Der Hout*
Johnny Sinodis*
Oona Cahill*
360 Post Street, Suite 800
San Francisco, CA 94108
(415) 981-3000
ndca@vblaw.com

*Counsel for Plaintiffs*

*Admitted pro hac vice

The Court has reviewed Plaintiffs' above motion to compel (Dkt. #74), as well as Defendants' response (Dkt. #75).  Further, the Court thanks Defendants for providing an unredacted version of the USCIS Decision Memo for *in camera* review.  (*See* Dkt. #76).  After reviewing all the relevant material, Plaintiffs' motion to compel is GRANTED.

Even assuming *arguendo* that the parts of the USCIS Decision Memo prepared by USCIS are predecisional and deliberative, the deliberative process privilege "may not be invoked to protect a document adopted as, or incorporated by reference into, an agency's policy."  *N.Y. Times Co.* v. *U.S. Dep't of Just.*, 756 F.3d 100, 116 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Nat'l Council of La Raza* v. *Dep't of Just.*, 411 F.3d 350 360 (2d Cir. 2005)); *see also Coastal States Gas Corp.* v. *Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).  Defendants correctly cite the D.C. Circuit for the proposition that "initialing alone" does not "render[ ] an otherwise exempt document non-exempt."  *Abtew* v. *U.S. Dep't of Homeland Sec.*, 808 F.3d 895, 899 (D.C. Cir. 2015).  In that case, the supervisor initialed an Assessment to Refer, but then later issued a separate final decision in the form of a Referral Notice.

The case here is far different.  The Secretary signed her full signature on a document labeled as a "Decision," and her decision followed USCIS's recommendation, which was explained above.  The Court finds that such circumstances indicate that the Secretary's Decision adopted the Decision Memo, thus stripping it of its privileged status.

The Court also notes that even if the Secretary had not adopted the USCIS Decision Memo, the Court would be inclined to overrule the privilege in this instance because the interests in disclosure outweigh the agencies' interests in privacy.  *See, e.g.*, *Greater N.Y. Taxi Ass'n* v. *City of New York*, No. 13 Civ. 3089 (VSB) (JCF), 2017 WL 4012051, at *9-10 (S.D.N.Y. Sep. 11, 2017) ("When the decision-making process itself is a subject of the litigation, the deliberative process privilege cannot be a bar to discovery." (internal quotation marks omitted and alteration adopted) (quoting *Anilao* v. *Spota*, No. 10 Civ. 32 (JFB) (AKT), 2015 WL 5793667, at *19 (E.D.N.Y. Sep. 30, 2015))).

Consequently, the Court grants Plaintiffs' motion to compel.  Defendants shall produce on the public docket an unredacted version of the USCIS Decision Memo on or before **April 22, 2026**.

Dated:    April 20, 2026            SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE