

International Refugee
Assistance Project

July 16, 2026

<u>Via ECF & Email</u>

Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Dahlia Doe v. Mullin*, No. 1:25-cv-08686

Dear Judge Failla:

The parties write in response to this Court's order, dated July 1, 2026, requesting a status update regarding next steps in this case in light of the Supreme Court's decision in *Mullin v. Doe*, Nos. 25-1083, 25-1084, 2026 WL 1825840 (U.S. June 25, 2026).

<u>Current Procedural Posture</u>

Following its June 25, 2026 opinion in this case, the Clerk of the Supreme Court informed the Second Circuit Court of Appeals that "the judgment or mandate will not issue for at least thirty-two days pursuant to Rule 45." *Mullin v. Doe*, No. 25-2995, Dkt. 54.1 (2d Cir. June 26, 2026). On July 1, 2026, the government filed a motion with the Second Circuit seeking a stay of this Court's postponement order in advance of the issuance of the certified judgment and an administrative stay pending the Circuit's consideration of the stay motion. *Mullin*, No. 25-2995, Dkt. 55.1. Plaintiffs opposed the motion, *Mullin*, No. 25-2995, Dkt. 58.1 (July 8, 2026), and the Second Circuit has since denied temporary relief pending review by a three-judge panel. *Mullin*, No. 25-2995, Dkt. 60.1.

On July 15, 2026, the parties conferred regarding the next steps in this case.

<u>The Parties' Positions Concerning Next Steps in this Case</u>

*Plaintiffs*. Plaintiffs concede that the Supreme Court's decision bars review of their existing statutory claims under the APA, but take the position that other claims, including constitutional claims, remain viable post-*Mullin*. Plaintiffs, therefore, intend to amend their complaint by July 24, 2026. Because this Court stayed the deadline for the government's responsive papers while the postponement was on appeal, *Dahlia Doe v. Mullin*, No. 25-cv-08686, ECF No. 64 (Jan. 7, 2026), Plaintiffs intend to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B)

One Battery Park Plaza, 33rd Floor, New York, NY 10004
refugeerights.org | twitter.com/IRAP | facebook.com/RefugeeAssist

(allowing amendment as a matter of course within 21 days of service of a defendant's responsive pleadings or motion to dismiss).

*Defendants.* Having conferred with Plaintiffs regarding potential claims that may be included in the amended complaint, the government anticipates moving to dismiss any amended complaint but will make a final decision after reviewing the amended pleading. The government notes that this Court already concluded that plaintiffs' constitutional equal-protection claim was not likely to succeed on the merits (ECF No. 59 at 28–29), and that the Supreme Court reached the same conclusion with respect to a similar equal-protection claim in *Mullin*. *See Mullin*, 2026 WL 1825840, at *13.

The parties will continue to confer regarding next steps following the filing of Plaintiffs' amended complaint and can provide another status update to the Court by July 31, 2026, such that the government has sufficient time to review the amended complaint and determine its proposed next steps before the parties provide their full positions to this Court.

We thank the Court for its consideration of this letter.

Respectfully submitted,

*/s/ Guadalupe Aguirre*
INTERNATIONAL REFUGEE
 ASSISTANCE PROJECT
One Battery Park Plaza, Fl 33
New York, N.Y. 10004
(929) 246-0154
laguirre@refugeerights.org

*Counsel for Plaintiffs*

cc: All Counsel of Record (via ECF)

2